**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Paul Hobbs, | No. CV-20-00787-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Santiago, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. (Doc. 2). As far as the Court case ascertain from Plaintiff's handwritten and near illegible filing, Plaintiff is indigent. Therefore, the Court will grant Plaintiff's application to proceed in forma pauperis. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234–36 (9th Cir. 2015). With respect to in forma pauperis complaints,

> Congress provided…that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
>
> "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

In this case, the Court cannot perform its required screening function because the handwritten complaint (Doc. 1) is illegible.  Local Rule Civil 7.1(b)(1) requires all filings to be typed.  The handwritten complaint in this case violates this Rule.

Accordingly, to comply with the Local Rules, and to allow the Court to perform its required screening function, the Court will strike the illegible complaint with leave to refile.  Based on the foregoing,

**IT IS ORDERED** granting the application to proceed in forma pauperis (Doc. 2); however, the Clerk of the Court shall not issue summons unless and until Plaintiff complies with this Order.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is stricken.  Plaintiff has 21 days to file a typewritten amended complaint after which the Court will undertake to screen the amended complaint as contemplated by 28 U.S.C. § 1915(e)(2).  If Plaintiff fails to file an amended complaint as required by this Order within 21 days, the Clerk of the Court shall enter judgment dismissing this case, without prejudice.

Dated this 27th day of April, 2020.

James A. Teilborg
Senior United States District Judge